**Affirmed and Memorandum Opinion filed February 12, 2013.**



**In The**

**Fourteenth Court of Appeals**

_____

**NO. 14-12-00301-CV**

_____

**JAMES EDWARD SIMONS, Appellant**

**V.**

**MONTSERRAT MONROY, Appellee**

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2009-55484**

**M E M O R A N D U M   O P I N I O N**

James Edward Simons and Montserrat Monroy were married on July 16, 2005. They separated on November 16, 2007. The parties have a minor child together. Simons filed a petition for divorce on August 31, 2009, and Monroy filed a counter-petition for divorce on August 30, 2010. According to the trial court's docket sheet, the parties appeared in person and through their respective attorneys on November 22, 2011 in the trial court. A "[h]andwritten Rule 11 agreement was

submitted and approved by the Court." The trial court granted the divorce at that time. The trial court signed a final divorce decree on February 27, 2012.

The final divorce decree states that (1) Simons appeared in person and through his attorney and that Monroy appeared in person; (2) "[t]he making of a record of testimony was waived by the parties with the consent of the Court;" (3) Simons and Monroy are joint managing conservators and Monroy, among others, has the exclusive right to establish the child's primary residence; and (4) Simons should pay $250 monthly child support. With regard to possession and access of the child, the final decree states as follows:

> Possession Order
>
> Visitation shall be as per the agreement submitted on November 22, 2011 and until all 6-month periods of possession have been completed by at least 80% of the time. Only then the Standard possession order may take place. If 80% of the visitations by [Simons] have not been completed in the 6-month designated period, the next 6-month period, shall be the same as the previous 6-month period. Until a period is completed by at least 80% of the visitation times by [Simons], then the next phase will begin; disregarding the dates specified below.
>
> Duration
>
> The periods of possession ordered above apply first to the agreement on November 22, 2011 and its completion of 80% of visitations by [Simons] as specified above, as long as it takes, and second, to the possession order until the child subject of this suit is under the age of eighteen years and not otherwise emancipated.

Simons filed a notice of appeal on March 27, 2012. He filed an appellate brief on August 17, 2012. This court struck Simons's brief for failure to "substantially comply with Rule 38 of the Texas Rules of Appellate Procedure," and ordered Simons to file an amended brief by October 11, 2012. Simons filed an amended brief on October 12, 2012.

In the argument section of his amended brief, Simons states:

The term 'trial' is defined as 'the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue, in a cause for the purpose of determining such issue,'

Finn v. Spagnoli 67 Cal 330

Black's Law Dictionary

The tribunal was obviously not a competent one, since the facts or law were not examined. Additionally, in the alternative if the hearing was actually a trial, it obviously was <u>unfair</u> for the same reasons.

Also see affidavit of Thomas Lee Simons.

Simons's amended brief also fails to comply with the mandates of Rule 38.1 because it does not "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i). Additionally, Simons does not argue that there is any error in the trial court's final divorce decree. Therefore, Simons presents nothing for our review.

Accordingly, we affirm the trial court's judgment.


/s/     William J. Boyce
Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

3